IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Timoteo Velasco Peralta, | ) | |
| Jose Velasco Peralta, | ) | |
| Celia Veronica Barrios, | ) | |
| Individually, and on behalf of all persons | ) | |
| similarly situated, | ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Judge: |
| El Tiburon Inc. d.b.a. Las Islas Marias | ) | |
| Restaurant, and | ) | |
| Mario Nunez, individually, | ) | Magistrate Judge: |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Timoteo Velasco Peralta ("Timoteo"), Jose Velasco Peralta, ("Jose"), and Celia Veronica Barrios, ("Celia"), individually and on behalf of persons similarly situated, state as follows as their Collective Action Complaint against Defendants, El Tiburon Inc., Inc. ("El Tiburon") and Mario Nunez ("Nunez"):

**Nature of the Action**

1. This case involves wage theft and, specifically, Defendants' policy of not paying employees proper overtime compensation and minimum wages. Plaintiffs bring this collective action claim for unpaid overtime wages, failure to pay minimum wage, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* for Defendants' refusal to pay Plaintiffs and similarly situated employees their full wages. Defendants' unlawful compensation practices have had the

effect of denying Plaintiffs their lawfully earned and living wages. Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b). Plaintiff Jose also brings a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115 because he was not given his final pay.

### Parties

2. Plaintiffs, Timoteo, Jose and Celia are all former employees of Defendants who live within this Judicial District.

3. Defendant, El Tiburon Inc., is an Illinois corporation owning and operating Las Islas Marias Restaurant.

4. Defendant Mario Nunez is the owner of El Tiburon Inc. and controls the day-to-day operations of El Tiburon including the pay given to all employees.

### Jurisdiction and Venue

5. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

6. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by 29 U.S.C. § 216(b).

### Factual Allegations

7. Plaintiffs were employed by Defendants at the Las Islas Marias Restaurant.

8. Jose's duties included working as a cook, dishwashers, performing general kitchen duties, assisting with catering and special events, and performing other task.

9. Jose worked for the Defendants beginning approximately October 2015 and ending in July 2016.

10. Jose was typically paid $100 per day of work.

11. Jose's hours varied but he would typically start work at 9:00 a.m. or 10:00 a.m. and would work as late as 2:00 a.m. When there were special events he would sometimes work from 8:00 a.m. until 5:00 a.m.

12. During the dates of employment set forth in this Complaint, Jose worked in excess of 40 hours in his individual work weeks and did not receive overtime compensation at one and one half times his regular rate of pay.

13. Defendants did not give Jose his pay for the last 3+ weeks that he worked. Defendants also did not pay Jose $510.00 owed to him for assisting with catering events.

14. Timoteo worked for the Defendants as a cook, dishwasher, performing general kitchen duties, and he assisted with catering and special events. He would also be called into work when needed on days off to assist with deliveries.

15. Timoteo was typically paid $650 per week and $100 to cook for events.

16. During the time employed by the Defendants within the last 3 years, Timoteo's typical work schedule varied but often was: Tuesday 8:00 a.m until 10:00 p.m.; Wednesdays and Thursdays 10:00 a.m. until 1:00 a.m., and Fridays and Saturdays 8:00 a.m. until 2:30 a.m. but would work sometimes work until 5:00 a.m. if there were special events.

17. During the dates of employment set forth in this Complaint, Timoteo worked in excess of 40 hours in his individual work weeks and did not receive overtime compensation at one and one half times his regular rate of pay.

18. Celia was employed by the Defendants for approximately 10 years. During the last 3 years, her work included primarily: waiting tables; serving as a hostess; assisting with catering;

and other duties as requested by the Defendants. She was typically paid between $450.00 and $500.00 per week in cash.

19. Celia's typical work schedule was: Monday 10:00 a.m. to 10:00 p.m.; Wednesday 10:00 a.m. to 1:00 a.m.; Thursday 6:00 p.m. to 1:00 a.m.; Friday 10:00 a.m. to 2:00 a.m.; Saturday 10:00 a.m. to 2:00 a.m.; and Sunday 12:00 p.m. to 1:00 a.m. Cecilia also assisted with catering.

20. During the dates of employment set forth in this Complaint, Celia worked in excess of 40 hours in her individual work weeks and did not receive overtime compensation at one and one half times her regular rate of pay.

21. Defendants have a policy of paying employees a flat fee per day or per week irregardless of how many hours the employees actually work. Because of this policy, the Defendants do not pay employees minimum wage and do not pay employees one and one half the regular rate for hours worked over 40 in a work week.

## COLLECTIVE ALLEGATIONS

22. Plaintiffs seek to prosecute their FLSA claims as a collective on behalf of all hourly employees of Defendants in the State of Illinois within the three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who where not compensated one and one-half times the regular rate for hours worked over 40 per week and were not compensated at minimum wage.

23. Plaintiffs and other similarity situated current and former employees in the asserted class regularly are not paid minimum wage and work over 40 hours per week but are not compensated one and one-half times the regular rate for hours worked over 40 per week.

24. At all times material to this Complaint, Defendants failed to comply with the FLSA and IMWL in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons properly for all hours worked.

25. Plaintiffs and those similarly situated were entitled to earn minimum wage and one and one-half times the normal rate for hours worked over 40 per week.

26. There are estimated to be over 20 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

27. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

28. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective.

## COUNT I
## FAIR LABOR STANDARDS ACT: OVERTIME WAGE VIOLATIONS.
### (Plaintiffs Individually and on Behalf of All
### Similarly Situated Employees Pursuant to 29 U.S.C. § 216)

29. Plaintiffs hereby reallege and incorporate paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30. At all relevant times, Defendants employed and/or continued to employ Plaintiffs and each member of the proposed class of hourly employees within the meaning of the FLSA.

31. Defendants have a policy of not compensating employees one and one-half times the regular rate for hours worked over 40 per work week.

32. Defendants' failure to pay one and one-half times the regular rate for hours worked over 40 per work week to Plaintiffs and similarly situated members of the proposed class is a violation of the FLSA, in particular 29 U.S.C. §207.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Due to Defendants' FLSA violations, Plaintiffs allege on behalf of the members of the proposed class of hourly employees that they have suffered damages and are entitled to recover damages from Defendants.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Unpaid Compensation and Overtime;

B) An additional amount equal as liquidated damages;

C) Prejudgment interest; and

D) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT: MINIMUM WAGE VIOLATIONS.

35. Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. At all relevant times, Defendants employed and/or continued to employ Plaintiffs and each member of the proposed class of hourly employees within the meaning of the FLSA.

37. Defendants have a policy of paying employees a flat fee per day or week irregardless of hours worked. Because of this policy, employees are not paid at minimum wage.

38. Defendants' failure to pay Plaintiffs and similarly situated members of the proposed class compensation at a rate not less than the minimum wage is a violation of the FLSA.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Due to Defendants' FLSA violations, Plaintiffs allege on behalf of the members of the proposed class of hourly employees that they have suffered damages and are entitled to recover damages from Defendants.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Unpaid Compensation and Overtime;

B) An additional amount equal as liquidated damages;

C) Prejudgment interest; and

D) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT III
## ILLINOIS MINIMUM WAGE LAW: MINIMUM WAGE VIOLATIONS

41. Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

42. This count arises from Defendants' violation of the minimum wage compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

43. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs and similarly situated employees minimum wage of $8.25 per hour for all hours worked.

44. During the 3 years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were regularly not paid minimum wage.

45. By failing to pay compensation due to Plaintiffs and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires minimum wage compensation to be paid to all non-exempt employees.

46. As a result of Defendants' policy and practice of withholding all compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Certification of a class of similarly situated Plaintiffs defined as all current and

former employees of Defendants in the State of Illinois. The relevant time period is for work performed within the three (3) years preceding this lawsuit to the day of trial;

B) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;

C) A declaratory judgment that Defendants' violations of the IMWL were willful;

D) A judgment to Plaintiffs and the Class in the amount of unpaid wages;

E) A judgment to Plaintiffs and the Class of punitive damages as provided by IMWL;

F) A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees;

G) Costs incurred in filing this action; and

H) Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## ILLINOIS MINIMUM WAGE LAW: OVERTIME WAGE VIOLATIONS

47. Plaintiffs hereby reallege and incorporate paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

48. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 et seq.

49. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs and similarly situated employees one and one-half times the regular rate for hours worked above 40 hours in a work week.

50. During the 3 years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were not paid at a rate of one and one-half times the regular rate for hours worked above 40 hours in a work week.

51. By failing to pay compensation due to Plaintiffs and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires minimum wage compensation to be paid to all non-exempt employees.

52. As a result of Defendants' policy and practice of withholding all compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Certification of a class of similarly situated Plaintiffs defined as all current and former employees of Defendants in the State of Illinois. The relevant time period is for work performed within the three (3) years preceding this lawsuit to the day of trial;

B) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;

C) A declaratory judgment that Defendants' violations of the IMWL were willful;

D) A judgment to Plaintiffs and the Class in the amount of unpaid wages;

E) A judgment to Plaintiffs and the Class of punitive damages as provided by IMWL;

F) A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees;

G) Costs incurred in filing this action; and

H) Such other and further relief as this Court deems appro

## COUNT V
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Plaintiff Jose Velasco Peralta, Individually)

53. Plaintiff hereby alleges and incorporates Paragraphs 1 through 52 as is fully set forth herein.

54. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115.

55. 820 ILCS §115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

56. As a result of Defendants' failure to give Jose his pay from his last 3 weeks of employment and $510 earned from assisting with catering, Jose has suffered damages in that he did not receive wages due to him.

57. 820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees.

WHEREFORE, Plaintiffs request the following relief, individually:

A) A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff;

B) A declaratory judgment that Defendants' violations of the IWPCA were willful;

C) A judgment to Plaintiff in the amount of unpaid wages;

D) A judgment to Plaintiff of punitive damages as provided by IWPCA;

E) A judgment to Plaintiff of reasonable attorneys' fees;

F) Costs incurred in filing this action; and

-12-

G) Such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: September 20, 2016

                                                Respectfully submitted,

                                                By:/s/ David Fish
                                                One of Plaintiffs' Attorneys

David Fish
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com